# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. ROEHRIG, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 15-146 |
| | ) Judge Nora Barry Fischer |
| W.G. TOMKO, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In this case, Plaintiff James A. Roehrig alleges age discrimination against his former employer, W.G. Tomko, Inc. (Docket No. 1). After 5:00 p.m. on Friday, August 7, 2015, Defendant filed a Motion for Protective Order and Motion to Stay, requesting the Court preclude (or, alternatively, drastically limit) Plaintiff from examining Defendant's Owner, William Tomko, Jr. as to his prior criminal conviction. (Docket No. 15). It also sought to have the depositions, then set for August 11, 2015, stayed, until resolution of the motion for protective order. (*Id.*). The Court granted the motion to stay and ordered responsive briefing, (Docket No. 17), which Plaintiff has filed, (Docket No. 18). Accordingly, the Motion is ripe for disposition.

Mr. Tomko entered a guilty plea to one count of tax evasion on May 11, 2004. (Docket No. 16 at 1). The full details and timeline of those criminal proceedings are irrelevant for the purpose of this Motion. On June 15, 2015, Plaintiff noticed the depositions of Mr. Tomko, as well as 30(b)(6) representatives of Defendant. (Docket No. 18). Defendant designated Mr. Tomko as a corporate representative in partial response to Plaintiff's 30(b)(6) notice. (Docket No. 15 at ¶ 2). The basis of Defendant's Motion for Protective Order is that Mr. Tomko's

1

criminal conviction and the details surrounding same were inadmissible under FED.R.EVID. 609(b) and thus were improper topics at his deposition. (Docket No. 16 at 2).

Plaintiff responds that Defendant's Motion for Protective Order should be dismissed for two reasons. (Docket No. 18 at 4, 6). First, he argues that Defendant did not meet its conferral obligation pursuant to Rule 37 of the Federal Rules of Civil Procedure and the corresponding Local Rule 7(A). (*Id.* at 4). As a basis for meeting the conferral requirement, Defendant's Motion represents that it met its conferral burden by a single email to opposing counsel regarding this issue. (Docket No. 15 at ¶ 7). The undersigned has previously held such conferral inadequate, and requires in her Practices and Procedures that "Counsel shall meet and confer in an effort to resolve their disputed prior to filing [discovery] motions. **E-mail communications are not sufficient**." Practices and Procedures of Judge Nora Barry Fischer, § II.N (eff. Feb. 5, 2013) (final emphasis added). The Court agrees with Plaintiff's position that Defendant did not adequately confer prior to filing its motion. As such, the Motion for Protective Order is denied and the stay on depositions is lifted.

Alternatively, Plaintiff argues that Defendant's substantive legal argument incorrectly limits the scope of discovery. (Docket No. 18 at 6). As noted, Defendant seeks a Protective Order precluding or drastically limiting Plaintiff's examination of Mr. Tomko as to his criminal conviction as such testimony would be inadmissible at trial pursuant to Rule 609(b) of the Federal Rules of Evidence. (Docket No. 16 at 2). Plaintiff counters first that now is not the time for the Court to make a determination as to admissibility under Rule 609, and, regardless, that the scope of discovery goes beyond admissible evidence. (Docket No. 18 at 6). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Where, as here, Plaintiff

seeks to engage in questioning regarding Mr. Tomko's criminal conviction "to explore potential grounds to challenge [Mr.] Tomko's credibility," the Court believes that such questioning falls within the bounds of discoverable information and would, alternatively, deny Defendant's Motion for a Protective Order solely on this basis. *See Layne Christensen Co. v. Bro-Tech Corp.*, Civ. No. 09-2381, 2011 WL 4688836, at *3 (D. Ka.) ("A party's criminal history may be relevant to the issues of credibility"); *EEOC v. Luihan Food Sys, Inc.*, Civ. No. 09-387, 2011 WL 649749, at *5–6 (E.D.N.C. Feb. 10, 2011) (same).

Nothing in this Order limits Defendant's right to challenge the admission of information regarding Mr. Tomko's criminal conviction at a later time.

AND NOW, this 17th day of August, 2015, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Protective Order and Motion for Stay are DENIED.

IT IS FURTHER ORDERED that the previously entered stay of depositions is LIFTED, and same shall be scheduled forthwith.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.