IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. ROEHRIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-146 |
| | ) Judge Nora Barry Fischer |
| W.G. TOMKO, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This is an employment discrimination lawsuit wherein Plaintiff James Roehrig contends that he was terminated due to age discrimination by Defendant W.G. Tomko, Inc., in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(a)(1). (Docket No. 1 at ¶ 12). Defendant counters that it had three legitimate and non-discriminatory reasons for terminating Plaintiff, which include Plaintiff's poor work performance; Plaintiff's inappropriate work behaviors, *i.e.*, sleeping on the job and wandering around the hallways; and Defendant's lack of available work. (Docket No. 29 at 2). In turn, Plaintiff asserts that Defendant's proffered reasons are pretextual, arguing that Defendant's reasons for termination have changed throughout the course of the EEOC proceedings and the present litigation; Defendant "hid the ball" relative to the identity of the decision maker who decided to terminate Plaintiff; Defendant changed its position relative to statements made before the EEOC and provided incorrect data to the EEOC to imply that the Estimating Department had an older average age than it did; and that Defendant's reasons for terminating Plaintiff were factually incorrect. (Docket No. 34 at 7, 9, 14–18, 21–22).

1

Pending before the Court is Defendant's Motion for Summary Judgment, wherein Defendant argues that Plaintiff has not established a *prima facie* case of age discrimination and that Defendant's reasons for terminating him were not pretextual. (Docket No. 28). Plaintiff opposes Defendant's motion, contending that he has sufficiently established his *prima facie* case and that Defendant's actions were pretextual. (Docket No. 34). The pending motion has been fully briefed in accordance with Local Rule 56.1, with the parties submitting the required briefs, concise statements of material facts, responses thereto, and necessary appendices. (Docket Nos. 28–31, 34–37; 40–41, 44). Further, the Court had the benefit of oral argument, which was held on May 5, 2016. (Docket No. 46). Upon consideration of the parties' submissions, their oral argument, and for the reasons set forth below, Defendant's Motion is DENIED.

**I. Legal Standard**

It is well-established that summary judgment is appropriately entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (citation omitted). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City, et al.*, 709 F.3d 181, 191 (3d Cir. 2013). Rather, the Court is only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. *See id.* In evaluating the evidence, the Court must interpret the facts in the light most favorable to Plaintiff and draw all reasonable inferences in his favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

The parties agree that the instant age discrimination claims are properly evaluated under the familiar *McDonnell-Douglas* burden shifting framework. (Docket Nos. 28, 34). Under *McDonnell-Douglas*, Plaintiff has the initial burden to establish a *prima facie* case of age discrimination. *See Burton*, 707 F.3d at 425-26. A *prima facie* case is established if Plaintiff demonstrates that: (1) he is forty years of age or older; (2) he was qualified for the position he sought to retain; (3) Defendant took an adverse employment action against Plaintiff; and (4) Defendant replaced Plaintiff with a sufficiently younger employee. *See Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (citations omitted). Alternatively, if Plaintiff seeks to prove that a reduction-in-force caused his unlawful termination, then the fourth element becomes "whether the employee can show 'that the employer retained someone similarly situated to him who was sufficiently younger.'" *Karlo v. Pittsburgh Glass Works, LLC*, 2015 U.S. Dist. LEXIS 117147, at *47 (W.D. Pa. September 3, 2015) (quoting *Klinman v. JDS Uniphase Corp.*, 439 F. Supp. 2d 401, 405 (E.D. Pa. 2006) (quoting *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 250 (3d Cir. 2002))). If Plaintiff presents sufficient evidence to support a *prima facie* case, then the burden shifts to Defendant "to offer a legitimate, nondiscriminatory reason" for its employment decisions and, if Defendant is successful, the burden shifts back to Plaintiff to present sufficient evidence from which a reasonable jury could conclude that the employment decision was a pretext for discrimination. *Id.*

## II.   Discussion[1]

Defendant does not contest that Plaintiff is older than forty years, was qualified for his position, or that Defendant took an adverse employment action against Plaintiff. (Docket No. 29

---

[1] Because the Court writes primarily for the parties, who are familiar with the facts, the Court will not exhaustively discuss same here.

at 5). In fact, before the EEOC, Defendant conceded that Plaintiff had presented a *prima facie* case of age discrimination. (Docket No. 37-2 at 31) ("While Mr. Roehrig has presented a *prima facie* case of age discrimination . . . ."). Nevertheless, Defendant now asserts Plaintiff has failed to establish either that he was replaced by a sufficiently younger employee, or in the case of a reduction-in-force, that the employer retained someone similarly situated to him who was sufficiently younger. (Docket No. 29 at 4). For his part, Plaintiff maintains that he has established a *prima facie* case of age discrimination. (Docket No. 34 at 4).

In this Court's estimation, when the facts are viewed in the light most favorable to Plaintiff, a jury could find that three weeks after terminating Plaintiff, Defendant replaced him with Sean O'Neil, an individual twenty-five years younger than Plaintiff who was given the title of "plumbing estimator," identical to Roehrig's title. (Docket No. 34 at 7) (citing Defendant's letter to the EEOC wherein Defendant stated that "Sean O'Neill was hired as a Plumbing Estimator."). Although Defendant attempts to reframe Mr. O'Neil's hiring by contending that he was not hired as a plumbing estimator, but was hired to replace another individual with a different title, (*see* Docket No. 29 at 5–6), Defendant's explanation reveals that a genuine dispute as to material fact exists. FED. R. CIV. P. 56(a).

Plaintiff also contends that he has put forth a *prima facie* case in response to Defendant's reduction-in-force argument. (Docket No. 34 at 5–6). Responding to Defendant's position that a slowdown at work forced Defendant to terminate him, Plaintiff asserts that by averaging the ages of the individuals who were subsequently retained, a jury could reasonably find that the employer retained similarly situated workers who were sufficiently younger. (Docket No. 34 at 5). Defendant counters that the employees upon whom Plaintiff relies are not sufficient comparators. (Docket No. 40 at 1–3). Despite Defendant's contentions, numerous factual issues

exist concerning whether the four retained employees who were employed in the same department as Plaintiff with similar job titles and responsibilities were similarly situated to him. *See Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) ("In order to determine who might qualify as a similarly situated employee we must look to the job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace. This determination requires a court to undertake a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner."). Accordingly, the Court finds that when viewed in the light most favorable to Plaintiff, a jury could find that Plaintiff has brought a properly supported claim of age discrimination.

Given that Plaintiff has shown a *prima facie* case of age discrimination, the Court next considers whether Defendant has articulated non-discriminatory reasons for terminating Plaintiff. As noted, Defendant supports its decision to terminate Plaintiff by asserting that (1) Plaintiff exhibited poor work performance, (2) Plaintiff slept on the job and wandered the halls, and (3) Defendant's lack of work forced it to terminate Plaintiff. (Docket no. 29 at 2). Thus, Defendant maintains it has stated legitimate, non-discriminatory reasons for terminating Plaintiff.

The onus, therefore, returns to Plaintiff to provide some explanation as to why Defendant's reasons are pretextual. The Court looks to the record as a whole to determine whether inconsistencies exist such that a jury could reasonably find Defendant's explanations to be pretextual. *See e.g., Mercantanti v. WCI Operations LLC*, 2016 U.S. App. LEXIS 5988, at *6 (3d Cir. Apr. 1, 2016) ("The plaintiff must show 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'") (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (citations omitted)).

Initially, viewing the record in Plaintiff's favor, a jury could find pretext due to the fact that Defendant's articulated reasons for terminating him have changed over time. *See Saunders v. Apothaker & Assocs.*, 556 Fed. App'x 98, 102 (3d Cir. 2014) ("We have previously explained that '[i]f a plaintiff demonstrates that the reasons given for her termination did not remain consistent, beginning at the time they were proffered and continuing throughout the proceedings, this may be viewed as evidence tending to show pretext, though of course it should be considered in light of the entire record.'") (quoting *Abramson v. William Paterson College*, 260 F.3d 265, 284 (3d Cir. 2001)). Defendant's argument that its reasons have "remained consistent" and "were simply expanded upon once Plaintiff brought forth his allegations of age discrimination," is unpersuasive.[2] (Docket No. 40 at 6).

Next, Plaintiff asserts that Defendant has tried to "hide the ball" with respect to the decision maker. In response, Defendant maintains it has never hid the identity of the decision maker. (Docket No. 40 at 4–5). Yet, Defendant's attempt to explain the "chain of events" that led to Plaintiff's termination still fails to identify who actually decided to terminate Plaintiff. Defendant's inability to identify precisely who terminated Plaintiff supports denying Defendant's summary judgment motion. *See Sabbrese v. Lowe's Home Ctrs., Inc.*, 320 F. Supp. 2d 311, 326 (W.D. Pa. 2004) (finding "the fact that no one at Lowe's acknowledges making the ultimate decision to fire Sabbrese" weighed in favor of denying summary judgment).

---

[2] Initially, Defendant's reliance on *Hoechstetter v. City of Pittsburgh*, is unavailing because it is factually distinguishable on at least two bases. First, *Hoechstetter* concerned discrimination arising from *hiring* practices of the City of Pittsburgh, whereas the instant case deals with alleged discrimination relating to termination of an employee. *See* 79 Fed. App'x 537, 538 (3d Cir. 2003). Second, *Hoechstetter* dealt with numerous applicants attempting to gain employment, *id.* (Plaintiffs were two out of 406 applicants), as opposed to the case at hand, which relates solely to Mr. Roehrig. Moreover, the Court in *Hoechstetter*'s ruling that "there was no evidence of inconsistencies that would lead a reasonable factfinder to conclude that Pittsburgh's reasons for refusing to hire Appellants were pretextual," *id.* at 540, differs from this case because Defendant on one hand claims the reason for terminating Plaintiff was lack of work, yet on the other hand provides numerous additional reasons. *See Fabrizio v. UPMC*, 2012 U.S. Dist. LEXIS 127558, at * 10 (W.D. Pa. Sept. 7, 2012) ("[Defendants] cannot seriously contend that an employer can respond to an employee's claim of a discriminatory termination by saying that the 'reason' for it was that the position was eliminated when they provide other reasons for the termination.").

Further, Plaintiff contends that the fact that the three most senior decision makers experienced a "memory lapse" supports a denial of summary judgment.[3] This Court has repeatedly found that a key decision maker's lack of recollection may support denial of a summary judgment motion. *See e.g.*, *Marconi v. Moon Area Sch. Dist.*, 104 F. Supp. 3d 686, 703 (W.D. Pa. 2015); *Hendricks v. Pittsburgh Pub. Sch.*, 2015 U.S. Dist. LEXIS 15969, at *16 (W.D. Pa. Feb. 10, 2015) (finding a lack of recollection supported denial of a motion for summary judgment).

Moving on, Defendant's representations before the EEOC also support denial of its motion for summary judgment. First, Defendant changed its position relative to Plaintiff's *prima facie* case. (Docket No. 37-2 at 31) (noting that Defendant conceded that Plaintiff established a *prima facie* case of age discrimination before the EEOC). Second, a jury could find that Defendant provided incorrect data to the EEOC regarding the average age of its employees because the record reflects that Defendant included an eighty-three year old former employee, while failing to include a thirty-eight year old current employee, in a table of employees provided to the EEOC. (Docket No. 37-2 at 29). In this Court's estimation, this discrepancy before the EEOC is precisely the type of "inconsistency" that supports a denial of summary judgment. *Mercantanti*, 2016 U.S. App. LEXIS 5988, at *6 (quoting *Fuentes*, 32 F.3d at 765 (3d Cir. 1994)).

Finally, Plaintiff takes issue with the facts underlying Defendant's proffered reasons for terminating him. After careful review of the record, and viewing same in the light most favorable to Plaintiff, the Court finds that material factual disputes abound regarding whether Defendant actually suffered a lull in work, whether Plaintiff was indeed the lowest performing worker in the

---

[3] Defendant does not respond substantively to Plaintiff's argument. (*See* Docket No. 40 at 8–10).

Estimating Department, whether Plaintiff's work performance warranted termination, and whether Plaintiff slept at work. Accordingly, the Court finds that denial of Defendant's motion for summary judgment is appropriate in this case.

## III. Conclusion and Order

AND NOW, this 13th day of May, 2016, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion [28] is DENIED;

IT IS FURTHER ORDERED that Plaintiff shall file his Pretrial Statement by **May 27, 2016 at 5:00 p.m.,** and Defendant shall file its Pretrial Statement by **June 10, 2016 at 5:00 p.m.**

IT IS FINALLY ORDERED that a status conference to enter a Pretrial Order shall be held before Judge Nora Barry Fischer in Courtroom 5B, 700 Grant Street, United States Courthouse, Pittsburgh, Pennsylvania 15219 on **Wednesday, June 15, 2016 at 12:30 p.m. Lead trial counsel shall attend in person.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: May 12, 2016

cc/ecf: All counsel of record.